<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAJ PATEL,<br><br>       Plaintiff,<br><br>v.<br><br>THE UNITED STATES, *et al.*,<br><br>       Defendants. | Civil Action No. 21-16029 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>August 30, 2021 |

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Raj Patel's ("Plaintiff") filing of a Complaint, (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 1-1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

    **WHEREAS** applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action; and

    **WHEREAS** Plaintiff filed a short form (AO 240) application to proceed without prepayment of fees. (D.E. 1-1.) However, this Court requires additional information regarding Plaintiff's financial situation to determine whether he is eligible to proceed *in forma pauperis*. Therefore, Plaintiff must either (1) submit a long form (AO 239) application to proceed in District Court without prepaying fees or costs or (2) pay the filing fee in full. *See Patel v. United States*, Civ. No. 21-6553, 2021 WL 3501237 (S.D.N.Y. Aug. 9, 2021) (concluding that Plaintiff's application to proceed *in forma pauperis* "fail[ed] to supply sufficient information about his

income, expenses, and any assets he may have," and requiring Plaintiff to pay the filing fee or submit an amended application within thirty days); and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Fed. R. Civ. P. 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiff's 54-page Complaint contains a litany of allegations against many defendants but fails to state a cognizable legal claim. Plaintiff alleges, *inter alia*, that various government and school officials have used a "bio-tech weapon" to steal his "word patterns," impede his college and law school performance, and cause him to become obese, costing him "millions of dollars" in professional opportunities as an actor in pornographic films. (*See, e.g.*, Compl. at 3–5, 13–15, 38, 41.)[1] As relief, Plaintiff seeks, *inter alia*, admission to his desired law schools, a juris doctor degree, up to $3.76 billion in damages, and an order making English the official language of the United States. (Compl. at 51–53.) Without factual support, Plaintiff's

---

[1] Plaintiff lists the defendants in this case as "The United States, The President of the United States, The Honorable The Excellent Joe R. Biden, In All Capacities, The Honorable The Excellent Donald J. Trump, In All Capacities, The State of Indiana, The State of Georgia, The State of New Jersey, Brownsburg Police Department, Emory Univer[s]ity, The University of Notre Dame Du Lac, Brownsburg Community School Corporation, . . . Ascension St. Vincent Stress Center," and nine other individuals who do not appear to be public figures. (Compl. at 1 (some capitalization omitted).)

claims are so implausible that they not only fail to meet pleading standards, but they may also divest this Court of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (quotation omitted)); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (noting that under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar" (quotation omitted)). Because the Complaint does not comply with Rule 8, this Court will dismiss it without prejudice and provide Plaintiff with an opportunity to amend;[2] therefore,

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED WITHOUT PREJUDICE** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint and either pay the filing fee or submit a long form (AO 239) application to proceed in District Court without prepaying fees or costs. Appropriate orders follow.

                                                                           /s/ Susan D. Wigenton
                                               **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
      Parties

---

[2] Plaintiff is advised, however, that this Court will dismiss his amended complaint to the extent it contains claims that have been previously considered and dismissed. Such claims are likely to be barred under the doctrines of claim or issue preclusion or for lack of subject matter jurisdiction. *See Patel v. Biden*, Civ. No. 21-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissing almost identical claims for lack of subject matter jurisdiction because Plaintiff "failed to proffer factual allegations that are plausible" and sufficient to involve a federal controversy); *Patel v. Patel*, Civ. No. 20-1772, 2020 WL 5204102, at *1 (S.D. Ind. Sept. 1, 2020) (dismissing Plaintiff's claims for "lack of diversity jurisdiction"), *aff'd*, 834 F. App'x 244 (7th Cir. 2021) (calling Plaintiff's appeal "frivolous"); *Patel v. Trump*, Civ. No. 20-454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissing Plaintiff's complaint for being "frivolous and [] entitled to no further judicial time"); *Patel v. United States*, Civ. No. 21-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissing Plaintiff's claims for being "patently frivolous").