**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAJ PATEL,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES, *et al.*,<br><br>        Defendants. | Civil Action No. 21-16029 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>September 20, 2021 |

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Raj Patel's ("Plaintiff") filing of an Amended Complaint, (D.E. 9), and Amended Applications to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 5, 6, 7), and this Court having *sua sponte* reviewed the Amended Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

    **WHEREAS** applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action.  On August 30, 2021, this Court denied Plaintiff's short form (AO 240) application to proceed without prepayment of fees and instructed him to either (1) submit a long form (AO 239) application to proceed in District Court without prepaying fees or costs or (2) pay the filing fee in full.  (D.E. 3 at 1; D.E. 4.)  Plaintiff thereafter filed multiple long form applications, (D.E. 5, 6, 7), which this Court has reviewed.  These applications indicate that Plaintiff is living on a limited income, and this Court will therefore grant his request to proceed *in forma pauperis*; and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Rule 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** on August 30 and 31, 2021, this Court dismissed Plaintiff's Complaint without prejudice for failure to comply with Rule 8 pleading standards, and granted Plaintiff leave to file an amended complaint. (D.E. 3, 8.) In doing so, this Court concluded that the Complaint's numerous allegations—including allegations that various government and school officials used a "bio-tech weapon" to steal his "word patterns," impede his college and law school performance, and cause him to become obese—were factually unsupported and so implausible that they not only failed to meet pleading standards, but potentially divested this Court of subject matter jurisdiction. (D.E. 3 at 2–3); and

**WHEREAS** in his Amended Complaint, Plaintiff continues to allege that a "bio-tech weapon" is being used against him to steal his "word patterns," limit his academic performance, and cause him to become obese. (*See* Am. Compl. at 1–5, 17, 19, 21–23.) The remainder of the pleading is mostly comprised of personal grievances against family members, (*see id.* at 15–22),

grievances that do not plausibly amount to cognizable legal claims, certainly not under any of the "legal theories" that Plaintiff sets forth, (*id.* at 12)[1]; and

**WHEREAS** the Amended Complaint is duplicative of complaints that Plaintiff has filed in courts around the country, complaints that those courts dismissed for lack of subject matter jurisdiction or for failure to state a claim. *See Patel v. Biden*, Civ. No. 21-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissing similar claims for lack of subject matter jurisdiction because Plaintiff "failed to proffer factual allegations that are plausible" and sufficient to involve a federal controversy); *Patel v. Patel*, Civ. No. 20-1772, 2020 WL 5204102, at *1 (S.D. Ind. Sept. 1, 2020) (dismissing similar claims for lack of diversity jurisdiction and failure to state a claim for relief), *aff'd*, 834 F. App'x 244 (7th Cir. 2021) (calling Plaintiff's appeal "frivolous"); *Patel v. Trump*, Civ. No. 20-454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissing a similar complaint for being "frivolous and [] entitled to no further judicial time"); *Patel v. United States*, Civ. No. 21-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissing similar claims for being "patently frivolous"); and

**WHEREAS** Plaintiff's Amended Complaint is plainly meritless and not only fails to meet pleading standards under Rule 8, but also divests this Court of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is

---

[1] Plaintiff states that the "overarching legal theories" of his case are:

> (1) Capitalism-Rivalry-Monopoly Theory, (2) Inalienable Rights Theory (especially, Life, Liberty, and the pursuit of Happiness), (3) Stream of Commerce Legal Theory as described in *Asahi*, 480 U.S. at 102 and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) (supply-chain), (4) Legal Theory of Battery, (5) Theory of Full Faith and Credit, (6) Theory of Fair Play (Due Process), (7) Theory of Success (Privileges and Immunities and Revenues-Income-War Chest), (8) Political Economies and Succession, and (9) Naturalist Theory, (10) Positivist Theory, (11) Federalism Theory (with corporate sovereignty), (12) Anti-Federalist Theory, (13) Conspiracy Theories, (14) Accessory to Crimes Theories, and (15) possibly Defamation Theory.

(Am. Compl. at 12.)

so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (quotation omitted)); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (noting that under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar" (quotation omitted)); and

**WHEREAS** Plaintiff has not cured the deficiencies in his Complaint, despite this Court's guidance, and his subsequent filings do not provide any actual claims or facts to support a claim. (*See* D.E. 10, 11.) Based upon the filings before the Court and the record in this case, it is clear that additional attempts by Plaintiff to amend the pleading would be futile.[2] *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted); therefore

Plaintiff's request to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                   /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties

---

[2] Plaintiff's proposed amendment to his Amended Complaint, (D.E. 11), would not change the outcome of this case, even if this Court granted him leave to amend. The amendment alleges that the University of Notre Dame denied him readmission for failure to disclose an expunged case, in violation of Indiana state law. (*See id.* at 3.) Plaintiff provides no factual support for inferring that the school denied his readmission on that basis. *See Iqbal*, 556 U.S. at 678–79 (noting that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Furthermore, there is no basis in the pleadings for a federal court sitting in New Jersey to exercise subject matter jurisdiction over an Indiana-law claim asserted by an Indiana plaintiff against an Indiana university, let alone a basis for the court to exercise personal jurisdiction over the university. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (requiring complete diversity for a district court to exercise subject matter jurisdiction over state law claims under 28 U.S.C. § 1332); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316–17 (3d Cir. 2007) (setting forth the requirements for personal jurisdiction).